(153 App. Div. 362.)

GRENNELL v. GREATER NEW YORK DEVELOPMENT CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1912.)

1. SPECIFIC PERFORMANCE (§ 99*)—CONSTRUCTION OF CONTRACT—CONDITIONS AND PROVISOS.

Vendor contracted with plaintiff's deceased husband to convey real property upon monthly payments, and that if the purchaser died while the agreement was in force it would, at its option, either return the sums paid on account of the agreement, or convey the premises, without further consideration, to such person as the purchaser should appoint; that the purchaser should have furnished it with a physician's certificate to the effect that he was not over 60 years of age, and was in good health at the time of the purchase. The purchaser performed all his obligations up to his death, except that he did not furnish the physician's certificate. Held, in an action by the purchaser's wife for specific performance, that the provision as to the return of the money paid or a conveyance never became operative because of the failure to furnish the certificate, so that plaintiff could not recover.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 299–304; Dec. Dig. § 99.*]

2. SPECIFIC PERFORMANCE (§ 101*)—PERFORMANCE OF CONTRACT—PAYMENT—WAIVER.

Where a provision in a contract for the conveyance of real estate upon monthly payments, that on the purchaser's death during the agreement the vendor would either return the money paid, or convey to the purchaser's representative without other consideration, never became operative because of the purchaser's failure to furnish the vendor a physi-

cian's certificate required by the agreement, the acceptance of the monthly installments could not operate as a waiver of that requirement.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 290, 295, 311–317; Dec. Dig. § 101.*]

Appeal from Special Term, Kings County.

Action by Emma L. Grennell against the Greater New York Development Company. From a judgment of the Special Term, entered in the office of the clerk of the county of Kings on the 5th day of April, 1912, in favor of the plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Edward M. Grout, of Brooklyn (James F. McKinney, of New York City, on the brief), for appellant.

George A. Green, of Brooklyn, for respondent.

RICH, J. The defendant undertook and agreed to convey to the plaintiff's deceased husband certain real property in the borough of Brooklyn for a consideration of $2,380, payable $20 upon the execution of the contract and $20 each month thereafter, with interest on all sums unpaid, payable semiannually. The vendee was to pay all taxes thereafter becoming a lien upon the property. The contract provided, among other things, the following:

"Fourth. That in case said party of the second part shall die while this agreement is in force, and before said premises are conveyed to him, said party of the first part shall, at its option, either return all sums which have already been paid on account of this agreement, together with interest thereon, at the rate of six per cent. per annum, or convey the said premises without further consideration to Emma L. Grennell, wife, or to such other person as the party of the second part may from time to time appoint, with the written consent of the party of the first part, and if the person named and appointed as aforesaid be not alive, then to the heirs or devisees or to the personal representatives of the said party of the second part, provided, however:

"First. That said party of the second part has purchased direct from said party of the first part and not through assignment from any previous purchaser, is not over sixty years of age, is in good health at the time of purchase, and shall have furnished said party of the first part a certificate to that effect, signed by a physician approved by the party of the first part.

"Second. That the payments of said lot shall not at any time have been thirty days in arrears.

"Third. That satisfactory proof of death of said party of the second part shall be furnished within thirty days thereafter.

"Fourth. That said party of the second part shall not have come to his death by his own hands, sane or insane. Any assignment of this agreement, failure to pay any payment hereinbefore provided to be paid within 30 days after the same becomes due and payable, or failure to provide the physician's certificate called for in paragraph 'First' of this clause, shall render this 'Fourth' clause null and void, and shall operate as though said clause had not been inserted in this agreement."

[1] The vendee performed all of the obligations upon his part to the time of his death on April 26, 1911, except that he did not furnish to the defendant the physician's certificate called for in the first par-

agraph of the fourth clause in the contract. He had paid when he died $1,192.86 of the purchase price of the property.

The plaintiff, after filing proofs of death, demanded that the defendant pay the moneys her husband had paid, together with the interest thereon, to her, or convey the property to her without further payments. Upon defendant's failure to comply with either of these demands, this action was brought for the specific performance of the contract. This appeal is from a judgment in her favor.

I think that the contract was divisible, and that the provision upon which the plaintiff relies never became operative because of the failure of the vendee to comply with its plain requirements.

Two alternative features are presented: One, that the price of the land to the vendee, if living when entitled to the conveyance, was $2,380; the other, that if he died before full performance, having complied with its requirements, including the furnishing of the certificate of an approved physician, the price was to be such sum as had been paid at the time of his death.

The right to the lesser price, or a return of the money paid, did not outlive nonperformance, and never became operative. The limitation of the payments to the life of the vendee was in abrogation of further performance by his widow, and the money to be gained could not be earned in any manner other than by complying with the conditions imposed by the contract. The contract was not one insuring payment to the respondent, but one providing a method which would enable her to own the land upon her husband's death, without further payments.

[2] The payments of the monthly installments did not operate as a waiver of the requirements of paragraph 1 of subdivision 4, which did not become operative, and were not, by the express terms of the instrument, a part of the contract. There is no proof that the realty is not worth the contract price, and the defendant is ready and willing to convey to plaintiff upon receipt of the balance of the purchase price.

The judgment must be reversed and a new trial granted. Costs to abide the event. All concur.